207 N.J. Super. 45 (1986)
503 A.2d 903
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THEODORE DELANE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 7, 1986.
Decided January 27, 1986.
*47 Before Judges PRESSLER, DREIER and BILDER.
Arnold E. Brown attorney for appellant (Arnold E. Brown, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Linda K. Calloway, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
*48 Defendant has appealed from a conviction based upon his guilty plea to the charge of unlawful possession of marijuana with intent to distribute, N.J.S.A. 24:21-19a(1). The plea, which was unconditional, was entered immediately following the trial judge's denial of defendant's motion to suppress the evidence of the marijuana seized from his home and a pretrial ruling that defendant's statements at the time of his arrest would be admissible at trial. The retraxit plea of guilty had been entered in exchange for the State's recommendation of a probationary sentence conditioned on a county jail term. Defendant was sentenced to a three year probationary term with drug dependency rules as well as a $25 Violent Crime Compensation Board penalty. Defendant has appealed raising two points: first, that evidence of the marijuana in his home should have been suppressed due to a lack of exigent circumstances justifying the search and, second, that admission of the statements made by him at the time of his arrest would violate the proscriptions of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

I
Treating defendant's second point first, we determine that it clearly has no merit. Defendant had entered an unconditional plea of guilty to the charge of possession of marijuana with intent to distribute. By such plea he waived any non-jurisdictional constitutional challenge. As stated by the United States Supreme Court in Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973):
A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
See also State v. Keegan, 188 N.J. Super. 471, 474 (App.Div.), certif. den. 93 N.J. 320 (1983), where the court held that R. *49 3:5-7(d) provides that an appeal from an unconditional plea of guilty "is limited to claims of violation of the state and federal constitutional right to be free from unreasonable search and seizure" only. If defendant wished to preserve the Miranda issue on appeal, he could have entered a conditional guilty plea pursuant to R. 3:9-3(f) with the approval of the court and consent of the prosecuting attorney. See State v. Morales, 182 N.J. Super. 502, 508 (App.Div. 1981), certif. den. 89 N.J. 421 (1982). Thus defendant's Miranda objection is not cognizable on this appeal.
The Miranda issue is moreover without factual foundation since after defendant's Miranda rights were given, defendant informed the officers that he knew his rights and without further questioning told them that he had purchased five pounds of marijuana in Brooklyn, that he had insufficient funds from his employment to support himself, that he had a list of names of people who had not paid him for the marijuana, and although it had taken the police a while, they had finally caught him. Such a volunteered statement, not made in response to custodial interrogation, is immune from exclusion under Miranda and its progeny.

II
Defendant's challenge to the suppression motion is cognizable on this appeal despite the guilty plea under R. 3:5-7(d). The trial judge denied the suppression motion on the basis of exigent circumstances. Defendant's apartment had been under surveillance for some time after controlled purchases of marijuana from him by a police informer. The police had determined to raid the premises and an officer went to police headquarters to obtain a search warrant for defendant and the premises. Defendant was then seen leaving the apartment and was stopped by the officers approximately two blocks away. Rather than wait for notification that the search warrant had been issued, the officers at the scene entered the apartment to *50 secure it and in the process discovered the marijuana. Approximately 10 to 20 minutes later, without having been told that the premises had already been entered, the judge signed the search warrant. Notification of the issuance was immediately radioed to the officers at the scene. Based upon these facts the trial judge determined that although the search warrant could not be used to justify admission of the evidence seized, there was a sufficient showing of exigent circumstances to justify the officers' securing of the premises. Therefore, the marijuana found in plain view when the police entered was held admissible into evidence. We disagree with the trial judge's reasons for admitting the evidence, but nevertheless affirm his decision.
The trial judge was, of course, correct that the later-issued warrant could not validate the search, but we find no exigent circumstances present here. Defendant was not arrested within sight of the premises. Had this arrest been physically closer to the house, an observer on the premises might have viewed the arrest and immediately destroyed the drugs. United States v. Segura, 663 F.2d 411, 414 (2d Cir.1981), aff'd 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). Such facts have been held to create exigent circumstances. See United States v. Turner, 650 F.2d 526, 528 (4th Cir.1981). Here the police had the premises under surveillance and knew who had entered and left; they, therefore, knew or should have known that the premises were unoccupied. In any event, it was unlikely that a casual observer of the arrest some two blocks from the apartment would have notified the occupants, if any, to destroy the drugs. The premises could have been secured from the outside to see that no one entered for the 10 to 20 minute period that it took to complete the proceedings leading to the issuance of the warrant. United States v. Segura, supra, at 416. The exigent circumstances basis for authorizing a warrantless entry into a home is to be applied with great circumspection. State v. Sims, 75 N.J. 337, 356 (1978). The police in this case had no right to enter defendant's home without other legal justification.
*51 The fact remains, however, that prior to entry into defendant's home the police had sufficient evidence to obtain a warrant, had taken all steps to have the same issued, and the warrant was issued without knowledge of the entry. In addition, defendant's volunteered remarks noted earlier would independently have justified the issuance of a warrant to search for and seize the marijuana. Under these circumstances should the results of the search be suppressed? We think not. The exclusionary rule must be subjected to a commonsense application. Both the United States Supreme Court in Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), and the New Jersey Supreme Court in State v. Sugar, 100 N.J. 214, 235-240 (1985), have adopted an "inevitable discovery" exception to the exclusionary rule. The rule is similar to the independent source doctrine which "teaches us that the interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime are properly balanced by putting the police in the same, not a worse, position than they would have been in if no police error or misconduct had occurred." 467 U.S. at ___, 104 S.Ct. at 2509, 81 L.Ed.2d at 387 (Emphasis by court). As also noted in Nix, "the ultimate or inevitable discovery exception to the Exclusionary Rule is closely related in purpose to the harmless-error rule." Id. 467 U.S. at ___, 104 S.Ct. at 2509, 81 L.Ed.2d at 387, n. 4.
The New Jersey Supreme Court expressed concern over the problem of the "exception's requirements involving proof of hypothetical independent sources of obtaining the evidence," thus making the application of the exception somewhat problematical. State v. Sugar, 100 N.J. at 237 The court, therefore, established "a restrictive formulation of the inevitable discovery exception to the exclusionary rule ... [to] overcome these difficulties while enabling the prosecution to proceed as it would have had no illegality occurred," namely:
We require the State to show that (1) proper, normal and specific investigatory procedures would have been pursued in order to complete the investigation of *52 the case; (2) under all of the surrounding relevant circumstances the pursuit of these procedures would have inevitably resulted in the discovery of the evidence; and (3) the discovery of the evidence through the use of such procedures would have occurred wholly independently of the discovery of such evidence by unlawful means. [100 N.J. at 238].
In addition:
[T]he State should be required to make a strong showing that, by the admission of the evidence, it is in no better position than it would have enjoyed had no illegality occurred. We conclude therefore that a `clear and convincing' burden must be imposed on the State. This, we believe, would restore a fair balance between the adversarial positions of the parties and constitute a proper accommodation of the conflicting interests of the State and defendant. [Id. at 239-240].
The court summarized its position:
Thus, the test for the application of the inevitable discovery exception involves the standard we have prescribed and the burden of proof we have imposed. The State must show by clear and convincing evidence that had the illegality not occurred, it would have pursued established investigatory procedures that would have inevitably resulted in the discovery of the controverted evidence, wholly apart from its unlawful acquisition. [Id. at 240].
In the case before us, we are satisfied that the indisputable facts here meet the standards specified in State v. Sugar. Here there is no question that the ongoing investigatory procedure would have been pursued to complete the investigation. In fact, within 20 minutes after the search the warrant, which had been in the process of being secured was issued, and a report of its issuance given to the very officers who had prematurely entered the premises. The second prong of the test is met by the testimony of the officers who had entered the premises, relating that the marijuana was found in plain view when they investigated the sounds emanating from a radio playing in an upstairs room. There is no reason to suppose that the marijuana would not have been just as apparent a few minutes later when the officers would have entered in any event pursuant to the warrant. The third prong of the test is satisfied by the fact that the search warrant was issued without reference to the evidence discovered as a result of the premature search. The warrant itself, therefore, is free of the taint of the illegal procedure. The final burden of proof requirement *53 has also been satisfied by the State since its proof of each of the elements of inevitable discovery stands uncontroverted.
We determine, therefore, that notwithstanding the trial judge's error in finding exigent circumstances for this search, the exclusionary rule should not be applied under the inevitable discovery exception. Defendant's conviction is, therefore, affirmed.