188 N.J. Super. 471 (1983)
457 A.2d 1205
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT KEEGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1983.
Decided February 7, 1983.
Before Judges KING and McELROY.
*472 Philip De Vencentes argued the cause for appellant (Galantucci & Patuto, attorneys).
Catherine A. Foddai, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorneys).
The opinion of the court was delivered by KING, J.A.D.
This case concerns the right of defendant to appeal from an unconditional plea of guilty where his appellate contention is limited to a technical violation of the "Wiretapping and Electronic Surveillance Control Act," N.J.S.A. 2A:156A-1 et seq. Defendant was indicted with ten others in a 16-count bill which charged narcotics violations. Defendant was charged in the Sixteenth Count only with "conspiring to violate the Controlled Dangerous Substance Act of the State of New Jersey," N.J.S.A. 24:21-24(a).
Seven of the coindictees, including defendant, moved to suppress all evidence obtained through electronic surveillance by wiretap under three separate court orders. The first order, executed by Judge Trautwein on June 12, 1979, authorized a wiretap on the telephone of Wayne Downing of Oakland. Based on information obtained from this tap, additional orders were obtained to tap defendant Keegan's home and business telephones in Fort Lee. The wiretap on defendant's home telephones commenced, as authorized, on July 12; the wiretap on defendant's business telephone commenced on August 1.
In response to a suppression motion made under N.J.S.A. 2A:156A-21, Judge Huot found in October 1981 that the State had failed to satisfactorily explain the 11-day delay following termination in sealing the tapes resulting from the June 12 Downing tap. Relying on the Supreme Court's decision in State v. Cerbo, 78 N.J. 595 (1979), and N.J.S.A. 2A:156A-14 he concluded that "the evidence obtained from the Downing wiretap must be suppressed because of the 11-day delay without a *473 reasonable explanation." He held that presentation of the tapes for sealing to the then-Acting Assignment Judge Galda of Bergen County, who at that time had not been appointed by the Chief Justice to authorize electronic surveillances and interceptions, was further reason for suppression, citing N.J.S.A. 2A:156A-14.
After suppressing the Downing tapes because of the 11-day sealing violation, the judge considered the impact of his conclusion on the admissibility of the tapes from the taps on appellant Keegan's home and business telephones. The judge found that at least ten paragraphs of the wiretap application for the home tap and one paragraph of the application for the business tap were derived from the suppressed Downing tap and thus tainted by the sealing violation. Upon excising these tainted paragraphs from the applications, he concluded there was still sufficient reliable information to justify the issuance of the orders and denied Keegan's motion to suppress. The judge also found the Keegan tapes "sufficiently clear and sufficiently limited to withstand the attack made by the defense." Keegan then unconditionally pled guilty, a two-year custodial term and a $10,000 fine were imposed, and he brought this appeal.
Defendant contends that the trial court erred in not suppressing the tapes from the wiretaps of Keegan's home and business phones because under State v. Cerbo, 78 N.J. 595 (1979), and State v. Burstein, 85 N.J. 394 (1981), any derivative evidence obtained from the suppressed Downing tape must also be suppressed. We do not reach the substantive question; we first consider the State's contention that Keegan has no right to appeal from his unconditional plea of guilty. Keegan's attack on the admissibility of the tapes stems from a statutory sealing violation; it is not of constitutional dimension either under the Fourth Amendment or our analogue of the federal Search and Seizure Clause. N.J. Const. (1947), Art. I, par. 7.
The relevant history of the right of a defendant who unconditionally pleads guilty to appeal from a judgment of conviction is *474 treated in Pressler, Current N.J. Court Rules, Comments R. 3:5-7(d) and R. 3:9-3(f). R. 3:5-7(d) states
Motion to Suppress Evidence and for Return of Property
........
(d) Appellate Review. Denial of a motion made pursuant to this rule may be reviewed on appeal from a judgment of conviction notwithstanding that such judgment is entered following a plea of guilty.
R. 3:9-3(f) states
Plea Discussions; Agreements; Withdrawals
........
(f) Conditional Pleas. With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be afforded the opportunity to withdraw his plea. Nothing in this rule shall be construed as limiting the right of appeal provided for in R. 3:5-7(d).
We adopt the view that the absolute right to appeal from an unconditional plea of guilty is limited to claims of violation of the state and federal constitutional right to be free from unreasonable search and seizure. As stated by Judge Pressler regarding R. 3:5-7(d)
As to preservation of the right to appeal other pretrial dispositions following a guilty plea, see R. 3:9-3(f) (conditional pleas) and Comment thereon. As to the distinction between this rule and R. 3:9-3(f), see State v. Morales, 183 [182] N.J. Super. 501 (App.Div. 1981), certif. den. 89 N.J. 421 (1982), making clear that the automatic as opposed to conditional reservation of the right to appeal following a guilty plea applies only to motions to suppress physical evidence allegedly seized in violation of the Fourth Amendment and not to other evidential challenges, such as the admissibility of confessions. [Id. at 387]
Regarding R. 3:9-3 Judge Pressler stated
7. Paragraph (f) was added to this rule by amendment effective September, 1980. Its purpose is self-evident, namely to provide a technique for avoiding trial where the defendant's willingness to plead guilty is dependent solely upon the disposition and opportunity for appellate review of separable issues determinable on a pretrial basis. This rule, by providing for a conditional plea on the terms therein stated, provides such a technique whereby the defendant obtains review and trial is avoided. While the rule itself does not so state, its primary utility is clearly directed to such pretrial issues as encompassed by R. 3:13-1(b), namely identification and confession controversies and disputes as to admissibility of other dispositive evidence. Note that this rule expressly excepts from the condition plea provision the plea and appeal opportunities of R. 3:5-7(d) (motions *475 to suppress). As to the distinctions between this rule and R. 3:5-7(d), see State v. Morales, 182 N.J. Super. 502 (App.Div. 1981), certif. den. 89 N.J. 421 (1982). And see State v. Butler, 89 N.J. 220 (1982), holding that an appellate challenge to the existence of a factual basis for the plea is not waived by the entry of a guilty plea. [Id. at 420]
For background regarding adoption of R. 3:9-3(f), see Report of the Task Force on Speedy Trial, 105 N.J.L.J. 533, 534 (1980).[1]See, also, State v. Morales, 182 N.J. Super. 502, 508 (App.Div. 1981), certif. den. 89 N.J. 421 (1982); State v. Barrise, 173 N.J. Super. 549, 558 (App.Div. 1980), aff'd sub nom. State v. Burstein, 85 N.J. 394, 398 (1981). In Barrise and Burstein the issue of the right to appeal an unconditional guilty plea was not considered by our Supreme Court because "the defendants pled guilty, reserving their right to raise the suppression issues on appeal." 85 N.J. at 400. On this point, this court, in dictum, had stated in Barrise that "R. 3:5-7 dealing with motions to suppress evidence, which generally provides that such motions be made before the trial, does not appear to cover motions to suppress evidence obtained in violation of the Wiretap Act." 173 N.J. Super. at 558-559. In State v. Kaye, 176 N.J. Super. 484, 488-490 (App.Div. 1980), certif. den. 87 N.J. 316 (1981) (admissibility of blood alcohol test), we held that an unconditional plea of guilty waived all nonjurisdictional objections "to the State's pre-plea conduct" making defendant's "challenge to his conviction ... not cognizable on appeal." Id. 176 N.J. Super. at 488. See, also, Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).
We hold that R. 3:5-7(d) preserves the right to appeal from an unconditional plea of guilty to constitutional search and seizure violations only. If a defendant in a criminal action wishes to preserve his right to appeal from an adverse pretrial ruling on a statutory violation of the wiretap statute, such as this 11-day sealing violation which allegedly tainted the evidence derived *476 against this defendant, and which evidence he has chosen not to dispute before a fact-finder, he must do so in accord with the provisions of R. 3:9-3(f) controlling unconditional pleas of guilty in general, including court approval and prosecutorial consent.
Appeal dismissed.
NOTES
[1] Effective December 1, 1982 a defendant may plead guilty and preserve an appeal from denial of pretrial intervention without court approval or prosecutorial consent to the appeal. See R. 3:28.