204 N.J. Super. 389 (1985)
498 A.2d 1301
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALAN S. KONZELMAN, DEFENDANT.
Superior Court of New Jersey, Law Division, Passaic County.
August 2, 1985.
*390 Terence M. Scott, for plaintiff (Joseph A. Falcone, Passaic County Prosecutor, attorney).
John A. Merrill for defendant.

OPINION
DONATO, J.S.C.
Defendant is charged with a violation of N.J.S.A. 39:4-50 and seeks to suppress the results of a blood test taken in New York (hereafter N.Y.).
*391 The question is whether such evidence obtained by New Jersey (hereafter N.J.) police without a warrant in N.Y. for an offense committed in N.J. should be suppressed because such evidence was obtained in violation of N.Y. law but not N.J. law.
Defendant argues that seizure of evidence in N.Y. should be controlled by N.Y. law. Defendant further argues that even if N.J. law applies, such evidence should be suppressed in N.J. because the N.J. police had no authority to seize evidence in N.Y.
The State argues that N.J. law should govern and that the N.J. police acting prudently should be able to search in N.Y.
On January 23, 1985 at 10:30 p.m. a Wanaque police officer was dispatched to an accident scene on Ringwood Avenue. He administered first aid to the driver, defendant here, who was unconscious behind the wheel. The police officer detected an odor of alcohol on his breath. He had contacted his headquarters in order to determine the availability of hospital treatment in New Jersey and was informed that the most immediate treatment could be obtained at Good Samaritan Hospital in Suffern, N.Y. He took defendant there for emergency treatment.
At the hospital, defendant regained consciousness and was informed of his rights under N.J.S.A. 39:4-50. Defendant indicated that he would take a breath test but would not submit to a blood test. The police officer indicated that regardless of his refusal the blood sample could be taken from defendant and to that end the police officer sought assistance from hospital personnel. The hospital personnel stated that they would not take a sample of defendant's blood citing Good Samaritan Hospital policy no. 6, "Court order may be obtained by District Attorney or Police if individual withdraws consent and meets the criteria of V.T.L. 1194-A."[1] The Wanaque police officer indicated that he would obtain the assistance of local N.Y. *392 police to restrain defendant for the purpose of taking the blood. Defendant then consented to the blood sample and a reading of.22% BAC was obtained which defendant seeks to suppress.
Under N.Y. law, any person operating a motor vehicle in N.Y. shall be deemed to have consented to such a blood test administered at the direction of the police provided the officer has reasonable grounds. If the individual refuses to consent, a license revocation procedure is triggered. In addition, if a defendant refuses, evidence of chemical analysis of blood sample taken from a defendant are inadmissible and suppressible unless a court order is obtained. N.Y. Veh. & Traf. Law § 1194 (McKinney 1970); People v. Moselle, 57 N.Y.2d 97, 439 N.E.2d 1235, 454 N.Y.S.2d 292 (Ct.App. 1982).[2]
In N.J. a blood sample may be taken involuntarily and no consent is required as long as a subject who resists a blood sample can be restrained in a medically acceptable way as could any other uncooperative patient. State v. Woomer, 196 N.J. Super. 583 (App.Div. 1984).
Thus, the evidence is inadmissible under N.Y. law but admissible under N.J. law.
In Burge v. State, 443 S.W.2d 720, (Tex. Crim. App. 1969), cert. den. 396 U.S. 934, 90 S.Ct. 277, 24 L.Ed.2d 233 (1969), defendant was charged in Texas with the offense of burglary with intent to rape. The prosecutor offered a sweater belonging to defendant from which a patch had been torn in a struggle with the victim and which was obtained from his Oklahoma residence with the consent of his wife. The Oklahoma law was that the wife may not give consent which would be effective against her husband. Texas law was otherwise. The Burge court held the evidence admissible on the grounds that "In such instances the *393 law of the forum governs as to procedure and rules of evidence." Id. at 723.
In People v. Saiken, 49 Ill.2d 504, 275 N.E.2d 381, (Sup.Ct. 1971), evidence that was found in Indiana was offered in an Illinois court based on a search warrant which did not comply with Indiana law. The court held:
If the problem here presented is considered from the procedural-substance viewpoint, the evidence was properly admitted. (People v. Kirkpatrick, 413 Ill. 595, 597, 110 N.E.2d 519; Restatement, Conflict of Laws, sections 595, 597.) Evidentiary questions are generally governed by the laws of the forum. If the conflict concerning the choice of law encompassed the preliminary issue of whether the evidence was wrongfully obtained, a substantive matter, then from the viewpoint of "significant relationship" or "center of gravity" rules, the significant contacts were with Illinois. The crime was committed in Illinois; it was being prosecuted there; the defendant was a resident and citizen of Illinois; the great majority of witnesses who would testify at the trial, were Illinois residents; Indiana had no vital contact with the crime; and the application of Illinois evidentiary law would not offend the comity of interstate relationships between Indiana and Illinois. See also McClellan v. State, 359 So.2d 869, (Fla. Dist. Ct. App. 1978). [275 N.E.2d at 385]
In this case, the accident occurred in N.J., the arrest was by a N.J. police officer, and the charge was brought in N.J. The only relationship of the case to N.Y. is the fact that a police officer, for defendant's own safety, chose to take defendant to a hospital in N.Y., close to N.J. The admissibility of the evidence is, therefore, governed by the law of N.J.
Defendant argues that notwithstanding the fact that the search should be controlled by the law of N.J., the evidence should be suppressed because the search was conducted by N.J. police in N.Y.
In People v. Walls, 35 N.Y.2d 419, 321 N.E.2d 875, 363 N.Y.S.2d 82 (Ct.App. 1974), N.Y. police officers approached defendant in N.Y. to arrest him on a narcotics offense. Defendant fled and ultimately was arrested in N.J. A search disclosed two weapons and a large quantity of illegal drugs. Defendant argued that N.Y. lacked jurisdiction and that the evidence should be suppressed in that it was not seized incident to an authorized arrest. The Court of Appeals held:

*394 This is not a case where the officers acted without probable cause or willfully neglected to complete the post arrest procedures required by New Jersey law. On the contrary when they arrested the defendants and returned them to New York they reasonably  although mistakenly  believed they were authorized to act as they did. Under these circumstances the arrest and incidental search were valid. [321 N.E.2d at 876, 363 N.Y.S.2d at 83]
In this case there is no question that the police officer's conduct was constitutionally reasonable. The only argument is that he may have violated the statutory or decisional law of N.Y. There was probable cause; the accused was restrained in a medically acceptable way; the police officer reasonably believed that he was authorized to act as he did. Under these circumstances the arrest and incidental search is valid.
The motion to suppress is denied.
NOTES
[1] Reference is to N.Y.Veh. & Traf. Law § 1194 (McKinney 1970).
[2] The N.Y. statute does not apply to this situation in that the N.Y. statute covers only individuals who are operating their automobile in N.Y. However, the principles of the N.Y. statute indicate that under N.Y. law the evidence would be suppressed.