656 A.2d 1276

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. RICHARD GIORDANO, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LAURIE DOMINICK, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 18, 1995—Decided April 18, 1995.

152

Before Judges MICHELS, STERN and HUMPHREYS.

*Richard F. Denes,* attorney for appellants *Richard Giordano* and *Laurie Dominick (Mr. Denes,* on the letter brief and reply letter brief).

*W. Michael Murphy, Jr.,* Morris County Prosecutor, attorney for respondent State of New Jersey (*Joseph P. Connor, Jr.,* Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

■ Defendants pled guilty to driving while intoxicated, *N.J.S.A.* 39:4–50, in separate proceedings before the same municipal court. They each reserved the right to appeal the denial of

their motion to suppress the results of breathalyzer tests. Their convictions were "affirmed" in a consolidated trial *de novo* in the Law Division, which held that the case was controlled by *State v. Samarel*, 231 *N.J.Super.* 134, 555 *A.*2d 40 (App.Div.1989). We agree and read nothing in *State v. Maure*, 240 *N.J.Super.* 269, 573 *A.*2d 186 (App.Div.1990), *aff'd o.b.*, 123 *N.J.* 457, 588 *A.*2d 383 (1991), as rejecting our prior opinion that

> a test result may be admissible without a post-test certification if, as here, there is a pretest certification made within a month before the test that the machine was in proper working order and there is no evidence that the machine gave inaccurate results when used for the test.
>
> [*Samarel, supra,* 231 *N.J.Super.* at 142, 555 *A.*2d 40.]

*See also State v. Sandstrom*, 277 *N.J.Super.* 354, 357–58, 649 *A.*2d 901 (App.Div.1994).

■ We also hold that the municipal court ruling on the admission of defendants' breathalyzer test results was not properly considered under the motion to suppress rule, *R.* 7:4–2(f), and, therefore, could not be appealed to the Law Division following a guilty plea.

■ On June 9, 1989, the Rules were amended to give municipal courts jurisdiction to entertain motions to suppress evidence obtained by warrantless searches "in matters subject to trial within the municipal court." *R.* 7:4–2(f). *See also R.* 3:5–7(a); *R.* 3:24. Hence, *R.* 7:4–2(f) gave municipal courts such jurisdiction theretofore cognizable only in the Superior Court under *R.* 3:5–7. But *R.* 3:5–7 was adopted in response to *Mapp v. Ohio*, 367 *U.S.* 643, 81 *S.Ct.* 1684, 6 *L.Ed.*2d 1081 (1961), and applies "only to state and federal constitutional claims of unlawful searches and seizure[s] of physical evidence." *State v. Robinson*, 224 *N.J.Super.* 495, 499–500, 540 *A.*2d 1313 (App.Div.1988). *See also State v. Keegan*, 188 *N.J.Super.* 471, 474, 457 *A.*2d 1205 (App.Div.), *certif. denied*, 93 *N.J.* 320, 460 *A.*2d 710 (1983); *State v. Morales*, 182 *N.J.Super.* 502, 508, 442 *A.*2d 1012 (App.Div.1981), *certif. denied*, 89 *N.J.* 421,

446 *A*.2d 150 (1982).[1]

As motions to suppress breathalyzer test results do not generally involve constitutional claims that physical evidence was improperly obtained, *R*. 3:5–7 and *R*. 7:4–2(f) are not implicated.[2] In any event, no such claim is made in this case. Thus, the provision in *R*. 7:4–2(f) which states that "[d]enial of a motion to suppress heard in the municipal court may be reviewed on appeal from a judgment of conviction pursuant to *R*. 3:23, notwithstanding that such judgment is entered following a guilty plea," is not applicable and does not preserve the issue for appeal. *R*. 7:4–2(f) therefore does not provide an exception in this case to the general rule that "a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." *Robinson, supra,* 224 *N.J.Super.* at 498, 540 *A*.2d 1313. *See also, e.g., State v. Vasquez,* 129 *N.J.* 189, 194, 609 *A*.2d 29 (1992); *State v. Truglia,* 97 *N.J.* 513, 522–24, 480 *A*.2d 912 (1984).

---

[1] While no case considered the issue, it appears that some motions to suppress breathalyzer test results were initially brought in the County Court or Law Division before *R*. 7:4–2(f) was adopted, *see, e.g., State v. Teare,* 135 *N.J.Super.* 19, 342 *A*.2d 556 (App.Div.1975); *State v. Konzelman,* 204 *N.J.Super.* 389, 390, 498 *A*.2d 1301 (Law Div.1985), while others were initially considered by the municipal judge. *See State v. Leavitt,* 107 *N.J.* 534, 536, 527 *A*.2d 403 (1987); *State v. Hicks,* 228 *N.J.Super.* 541, 543–44, 550 *A*.2d 512 (App.Div.1988), *certif. denied,* 127 *N.J.* 324, 604 *A*.2d 599 (1990). Neither the Supreme Court nor this court has held that they were not cognizable in municipal court before June 9, 1989.

[2] We will assume that the results of a breathalyzer test constitute physical evidence, *see e.g., McAvoy v. Maryland,* 314 *Md.* 509, 551 *A*.2d 875, 879 (1989), but as we made clear in *Keegan,* "*R*. 3:5–7(d) preserves the right to appeal from an unconditional plea of guilty to constitutional search and seizure violations *only.*" *Keegan, supra,* 188 *N.J.Super.* at 475, 457 *A*.2d 1205 (emphasis added). *See also State v. Kaye,* 176 *N.J.Super.* 484, 489, 423 *A*.2d 1002 (App.Div.1980), *certif. denied,* 87 *N.J.* 316, 434 *A*.2d 69 (1981) (challenge to failure to provide blood sample in discovery). *Compare Morales, supra,* 182 *N.J.Super.* at 508, 442 *A*.2d 1012 (referring to motions to suppress "physical evidence" in finding bar to appealability of challenge to statements). *R*. 7:4–2(f) gives no greater right than *R*. 3:5–7(d).

We admittedly interpret the scope of *R.* 7:4–2(f) narrowly because we believe that, unless *R.* 7:4–2(f) is clearly applicable, the entire record should be created before a *de novo* review occurs in the Law Division. There is a clear difference between the scope of a defendant's appeal to the Law Division from a conviction in municipal court, *see R.* 3:23, and an appeal to this court following conviction in the Law Division.

We also conclude that *R.* 3:9–3(f), which permits the preservation for appeal of adverse determinations on pretrial motions with the consent of the court and prosecutor, is not made applicable to municipal courts. *See R.* 7:1; *R.* 7:4–8. The Guidelines governing plea agreements in municipal courts, promulgated pursuant to *R.* 7:4–8(a), do not include conditional pleas, *see* Pressler, *New Jersey Court Rules,* Guideline 2 to *R.* 7:4–8(a) (1995), probably because of the difference between Superior Court practice, which generally involves a jury trial in the absence of a guilty plea, and the practice in municipal courts where cases are tried non-jury. Authorized plea agreements in municipal courts involve dismissal of charges upon guilty plea to another offense or lesser offenses, or in exchange for a sentence recommendation. *Id.* Guideline 4 to *R.* 7:4–8(a) expressly provides, however, that "[n]o plea agreements whatsoever will be allowed in drunken driving ... offenses." If preservation of the issue for purposes of appeal was part of a "plea agreement" in a DWI case, it was unlawful.[3] If it was not so viewed, it was nevertheless unauthorized by the Rule.

---

[3] We also note that in this case a charge of "failure to maintain lane" against each defendant was dismissed on the prosecutor's recommendation on the theory it would "merge" into the DWI charge. We do not pass on whether under the Rule an offense which would "merge" can be dismissed upon a guilty plea to DWI because the DWI survives. *Compare* Guideline 4 as adopted by the Supreme Court with Guideline 4 as recommended in the *Final Report of the Supreme Court Committee to Implement Plea Agreements in Municipal Courts,* 125 *N.J.L.J.* 214, 214–15 (1990). Nor do we pass upon whether the offenses "merged" in this case.

Here, there was no objection to preservation of the issue when the plea was entered. To the contrary, the municipal prosecutor and municipal court judge acknowledged that the issue could be preserved for appeal to the Law Division. In this respect they erred. We will not penalize defendants in this case, but reject their contentions on the merits.

Affirmed.