746 A.2d 44 (2000)
STATE of New Jersey, Plaintiff-Respondent,
v.
Luke BRYANT, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 2000.
Decided February 23, 2000.
*45 Teri S. Lodge, Turnersville, for defendant-appellant (Poplar & Eastlack, attorneys; Ms. Lodge, on the brief).
Nicole M. Miles, Assistant County Prosecutor, for plaintiff-respondent (Jeffrey S. Blitz, Atlantic County Prosecutor, attorney; Ms. Miles, of counsel and on the brief).
Before Judges KING[1], CARCHMAN and LEFELT.
The opinion of the court was delivered by LEFELT, J.S.C., (temporarily assigned).
After de novo review in Superior Court, defendant Luke Bryant appealed his conviction for driving while under the influence. Bryant questions whether Judge Garofolo erred when he considered Bryant's municipal court testimony, which was presented only after Bryant's motion to exclude breathalyzer evidence was improperly denied by the municipal court judge. We agree that Bryant's testimony was properly considered by Judge Garofolo, and, therefore, we affirm his conviction and sentence.
On July 5, 1998, a police officer issued Bryant a summons for disturbing the peace, ordinance # 16-81, in a Somers Point night club parking lot. The officer instructed Bryant to leave. Within minutes of Bryant driving from the lot, another officer signaled Bryant to pull over. After Bryant took a breathalyzer test, the officer issued him summonses for driving while under the influence, N.J.S.A. 39:4-50, and speeding, N.J.S.A. 39:4-98.
In Somers Point Municipal Court, Bryant moved to suppress the breathalyzer evidence, but the judge denied his motion. Then Bryant testified in an attempt to establish a due process entrapment defense. State v. Grubb, 319 N.J.Super. 407, 414-15, 725 A.2d 707 (App.Div. 1999). During this testimony, Bryant described a course of drinking that continued throughout the day. He admitted that he was intoxicated and acted drunk in the parking lot. The summonses for speeding and disorderly conduct were dismissed, but the municipal court judge convicted Bryant for driving under the influence. Bryant appealed to Superior Court.
In Bryant's de novo appeal on the record, Judge Garofolo reviewed an "aggregate of [breathalyzer] discrepancies," which forced him to conclude that the State failed to prove that the breathalyzer results were sufficiently reliable for admission into evidence. Consequently, Judge Garofolo found that Bryant's suppression motion should have been granted by the municipal court judge, and, therefore, he suppressed the breathalyzer evidence. However, regarding Bryant's entrapment defense, although Judge Garofolo was suspicious of the Somers Point officers' conduct, he sustained Bryant's driving while under the influence conviction based, in substantial part, upon Bryant's own municipal court testimony.
Judge Garofolo sentenced Bryant to six-months license suspension and twelve-hours in the Intoxicated Driver Resource Center, together with the following monetary penalties: $251 fine, $30 court costs, *46 $100 surcharge, $50 for the Violent Crimes Compensation Board and $75 to Safe Neighborhood Services. Bryant's sentence was stayed pending his appeal to this court.
The State, believing that Judge Garofolo's suppression decision was not subject to appellate review, State v. Giordano, 281 N.J.Super. 150, 656 A.2d 1276 (App.Div.1995), did not cross-appeal. Accordingly, that issue is not before us.
Bryant raises only one issue on appeal. He argues that Judge Garofolo erred when he considered Bryant's municipal court testimony that was presented after the municipal court judge improperly denied Bryant's suppression motion. Bryant contends that had he "waived his entrapment defense in the hope of appealing the court's improper denial of his suppression motion, he would have been forced to waive his fundamental due process rights regarding entrapment." Accordingly, Bryant asserts that he "was faced with the Hobson's choice of waiving an appeal of the wrongfully denied due process rights afforded by N.J.S.A. 39:4-50 regarding breathalyzer results or his due process rights regarding entrapment."
Our problem with this argument is that Bryant overstates the conflict with which he was dealing. Before urging suppression of the breathalyzer results, defense counsel stated: "[i]f my motion is granted then I anticipate that my client will plead guilty to the speeding and the disorderly conduct because it's completely different proofs. We don't need to try those issues separately. If my motion is denied then we'll go ahead and keep going because some of the proofs at that point will overlap." This assertion, while revealing as to defendant's intentions, did not bind the prosecutor.
Had the suppression motion been granted by the municipal court judge, the defense might have been willing to plead to speeding and disorderly conduct, but the prosecutor could have proceeded on the driving under the influence charge by utilizing evidence other than the breathalyzer results. Here, Bryant was observed driving erratically. Also, he smelled of alcohol, had difficulty walking, and his hand movements were slow and uncoordinated. Moreover, Bryant refused to perform any field sobriety tests, which may be considered as further evidence of his intoxication. State v. Tabisz, 129 N.J.Super. 80, 82-83, 322 A.2d 453 (App.Div.1974). Accordingly, it is likely that had the prosecutor proceeded with this evidence, the State's case would have withstood a defense motion for acquittal. State v. Reyes, 50 N.J. 454, 458-59, 236 A.2d 385 (1967). Thus, Bryant would have been in the same position he found himself after the suppression motion was denied. Bryant would have had to decide whether to press forward with his municipal court defense and testify on entrapment, or plead guilty in municipal court and appeal the denial of his suppression motion to Superior Court. R. 3:5-7(d).
Bryant argues that he was forced to choose between waiving his due process right to present an entrapment defense, or waiving his ability to appeal an improperly denied suppression motion. We do not conclude that Bryant's choice was so inflexible. Bryant's contention appears more troubling only because of clear hindsight. For instance, when the municipal court judge denied Bryant's suppression motion, neither Bryant nor his counsel could have been positive that the municipal court judge's decision would be reversed on appeal. Denial of Bryant's suppression motion was not obvious error. Thus, in such situations, even if defendants know that should they testify, their testimony might be used against them in a later appeal, these defendants might still decide to take their chances and seek an immediate acquittal in municipal court. That is precisely what Bryant did in this case.
We need not and do not decide whether the claimed constitutional rights pressed by Bryant exist in the exact form urged by *47 him. However, assuming that some constitutional tension is present, as argued by Bryant, the United States Supreme Court explained in McGautha v. California, 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711, 729 (1971), vacated on other grounds, 408 U.S. 941, 92 S.Ct. 2873, 33 L.Ed.2d 765 (1972) (quoting McMann v. Richardson, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 772 (1970)) that "the legal system [ ]is replete with situations requiring `the making of difficult judgments' as to which course to follow. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose."
We conclude that Bryant's decision to testify in municipal court, after the suppression motion was denied, did not create the kind of tension between constitutional rights that was precluded by Simmons v. United States, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247, 1259 (1968). Rather, we see Bryant's choice as similar to most tactical decisions defendants must make with the assistance of their counsel. See, e.g., State v. Bogus, 223 N.J.Super. 409, 423, 538 A.2d 1278 (App.Div.), certif. denied, 111 N.J. 567, 546 A.2d 497 (1988) (analyzing defendant's strategic decision to testify). Accordingly, we do not find it improper for the judge to have considered Bryant's entrapment testimony.
Therefore, we affirm Bryant's conviction, vacate the sentence stay, and remand to the Law Division for sentence implementation.
NOTES
[1] Judge King did not originally participate in this case, but has, with the consent of counsel, been added to the panel deciding the matter.