NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4364-14T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

VERE D. CANNONIER,

 Defendant-Appellant.

________________________________

 Argued November 28, 2016 – Decided December 20, 2016
 Remanded by Supreme Court June 15, 2017
 Resubmitted June 15, 2017 – Decided June 27, 2017

 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Indictment No.
 14-02-0418.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Solmaz F. Firoz, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Damon G. Tyner, Atlantic County Prosecutor,
 attorney for respondent (Brett Yore,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Following his guilty plea to second-degree unlawful

possession of a weapon, N.J.S.A. 2C:39-5(b), and imposition of his

sentence, a five-year custodial term with three and one-half years

of parole ineligibility, defendant Vere D. Cannonier appealed from

the resulting judgment of conviction. Defendant argued:

 POINT I

 MR. CANNONIER WAS CONVICTED OF CONDUCT THAT
 DID NOT CONSTITUTE A CRIME AT THAT TIME, THUS
 HIS CONVICTION IS ILLEGAL AND SHOULD BE
 VACATED.

 A. The Plain Language of the Amnesty Law
 Establishes that Defendant Committed No Crime
 on January 13, 2014.

 B. Defendant Need Not Establish that He
 Possessed the Firearm on August 8, 2013.

 C. Mr. Cannonier was Precluded from
 Complying with the Terms of the Amnesty Law
 Following his Unlawful Arrest on January 13,
 2014.

 [State v. Cannonier, No. A-4364-14 (App. Div.
 Dec. 20, 2016).]

 The "Amnesty Law" referenced in defendant's arguments was L.

2013, c. 117, "An Act Concerning the Possession of Certain Firearms

(the Act)." The Act became effective August 8, 2013, and expired

on February 5, 2014.

 The Act was in effect when defendant was arrested and charged

with second-degree unlawful possession of a weapon, N.J.S.A.

 2 A-4364-14T4
2C:39-5(b). Section one (the amnesty provision) of the Act

provided:

 1. Any person who has in his possession a
 handgun in violation of [N.J.S.A. 2C:39-5(b)]
 or a rifle or shotgun in violation of
 [N.J.S.A. 2C:39-5(c)] on the effective date
 of this act may retain possession of that
 handgun, rifle, or shotgun for a period of not
 more than 180 days after the effective date
 of this act. During that time period, the
 possessor of that handgun, rifle, or shotgun
 shall:

 (1) transfer that firearm to any person
 lawfully entitled to own or possess it; or

 (2) voluntarily surrender that firearm
 pursuant to the provisions of N.J.S.A. 2C:39-
 12.

 [L. 2013, c. 117, § 1.]

 Defendant did not mention the Act or the amnesty provision

when he pleaded guilty. For that reason, we remanded the matter

to permit defendant to file a motion to withdraw his guilty plea.

Cannonier, supra, No. A-1364-14 (slip op. at 3-4). We explained

that, in the event defendant chose to file the motion, the trial

court would have "the opportunity to evaluate the motion under the

appropriate standard of review and consider, among all other

relevant factors, defendant's argument concerning the Act." Ibid.

 The State filed a petition for certification. On June 15,

2017, the Supreme Court granted the petition and "summarily

 3 A-4364-14T4
remanded to the Superior Court, Appellate Division for

reconsideration in light of State v. Harper, ___ N.J. ___ (2017)."

State v. Cannonier, ___ N.J. ____ (2017). We have reconsidered

the matter.

 In Harper, the Supreme Court held that

 [a[ defendant charged under [N.J.S.A. 2C:39-
 5(b)] for possession during the amnesty period
 may raise the [Act] as an affirmative defense.
 To do so, a defendant must show two things:
 (1) that he possessed a handgun in violation
 of N.J.S.A. 2C:39-4(b) or (c) 'on the
 effective date of this act' — in other words
 that he unlawfully possessed a handgun on
 August 8, 2013; and (2) that he took steps to
 transfer the firearm or voluntarily surrender
 it during the 180-day period beginning on
 August 8, 2013, consistent with N.J.S.A.
 2C:39-12 – that is, before authorities brought
 any charges or began to investigate his
 unlawful possession.

 [Supra, ___ N.J. at ___ .]

 The Court went on to explain that "[t]o invoke the amnesty

defense, a defendant must abide by the same settled procedures

that apply to other defenses." Ibid. Significantly, the Court

explained that "[a]s with other affirmative defenses, a defendant

must timely assert that defense or it is waived." Id. at ___.

 "Generally, a guilty plea constitutes a waiver of all issues

which were or could have been addressed by the trial judge before

the guilty plea." State v. Robinson, 224 N.J. Super. 495, 498

 4 A-4364-14T4
(App. Div. 1988). There are exceptions, but none is applicable

here.

 In addition, if the suggestion of a defense is raised during

a plea colloquy, then a trial judge must inquire whether the

defendant is factually asserting the defense. See State v. Urbina,

221 N.J. 509, 528 (2015). Here, defendant did not raise the

amnesty defense before pleading guilty, and nothing anyone said

during the plea colloquy suggested the amnesty defense. Defendant

thus waived the defense when he pleaded guilty. For that reason,

we affirm his judgment of conviction.

 Affirmed.

 5 A-4364-14T4