**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0941-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLARENCE WILLIAMS,

    Defendant-Appellant.

_____

Submitted March 25, 2025 – Decided July 21, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-09-0893.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Brian Plunkett, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (David M. Galemba, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Clarence Williams appeals from an October 20, 2023 Law Division order denying his petition for post-conviction relief (PCR) from two convictions for first-degree manslaughter, N.J.S.A. 2C:11-4(a)(1).  We affirm.

I.

On March 17, 2017, defendant and codefendant Gerry Thomas were arrested for participating in a robbery that resulted in the murder of two victims and the destruction of their remains through the torching of their car in Paterson. Initially, Thomas denied being with defendant that night and claimed he was unaware of what had occurred because he was not present.  The interrogating detectives allowed Thomas to leave without filing any charges.

Later that day, Thomas returned to the police station to retrieve his cell phone, and the detectives conducted a second interview.  During this interview, Thomas admitted he kept calling defendant that night to buy marijuana from him.  Thomas claimed defendant provided his location.  Thomas went to the nearby location and got into the minivan with defendant and other males. According to Thomas, he later asked defendant to let him out of the minivan because he was concerned that they were planning on "bust[ing] a custy"— robbing a customer.  Thomas claimed that he was eventually dropped off and then went to a Walgreens.

2

Thereafter, in May 2017, a grand jury returned an indictment, charging defendant and co-defendant Thomas with two counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree aggravated arson, N.J.S.A. 2C:17-1(a)(1) and (2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); and first-degree attempted robbery, N.J.S.A. 2C:5-1(a)(3), N.J.S.A. 2C:15-1(a)(1). In a subsequent indictment issued in September 2017, defendant and Thomas were charged with two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2), N.J.S.A. 2C:2-6.

Following a three-day hearing, on December 22, 2017, the trial court granted the State's application to admit Thomas's two recorded statements at trial. Thomas opposed the application, but defendant did not file any opposition to the State's motion.

Thereafter, the trial court granted the State's motion to sever the cases against defendant and Thomas. A jury convicted Thomas of two counts of first-degree felony murder, second-degree arson, and first-degree attempted robbery. He was sentenced to consecutive forty-years' incarceration for the two felony-murder convictions, resulting in an aggregate sentence of eighty years' imprisonment.

A-0941-23

On direct appeal, we reversed Thomas's conviction, suppressed the second recorded statement, and remanded the matter for a new trial. State v. Thomas, No. A-5678-17 (App. Div. May 24, 2021) (slip op. at 4). We concluded Thomas's "statement was obtained after the interrogating detectives repeatedly and persistently [told Thomas] that the only way he could help himself was by admitting his role in the subject robberies and murders." Id. at 31. We reasoned "[t]hese statements effectively 'contradicted the Miranda[1] warnings provided to [Thomas]: that anything [he] said in the interview could be used against [him] in a court of law.'" Ibid. (alterations in original) (quoting State in the Int. of A.S., 203 N.J. 131, 150 (2010)).

Defendant elected to plead guilty to two counts of aggravated manslaughter. At the plea hearing conducted on August 16, 2018, the assistant prosecutor placed the terms of the plea agreement on the record, which was confirmed by defendant's plea counsel. Defendant testified that he reviewed the plea forms with his plea counsel prior to initialing each page and understood the terms of the negotiated plea agreement.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0941-23

Before accepting defendant's plea, defendant responded to the trial court's question that he was satisfied with the services of his plea counsel. He also testified that he did not have any questions of "any kind" regarding the aspect of his plea. Satisfied defendant had provided an adequate factual basis for his guilty plea, the court accepted defendant's guilty plea to two counts of aggravated manslaughter, which had been amended from murder.

Three months later on October 4, 2018, pursuant to the terms of the negotiated plea agreement, defendant was sentenced to an aggregate eighteen-year term of imprisonment for both aggravated manslaughter convictions under the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed his sentence in an unpublished order. State v. Williams, No. A-3427-18 (App. Div. Jan. 6, 2021).

On April 19, 2021, defendant, then self-represented, filed a PCR petition, alleging that he was "compelled" to accept the plea and sentence because Thomas had provided written statements to the detectives against him.[2] Defendant further asserted Thomas's written statements were subsequently found to be "impermissible" and were suppressed, which led to the vacatur of Thomas' convictions. Defendant therefore sought to withdraw his guilty plea.

---

[2] We discern from the record that the "written statements" referenced by defendant are the transcripts of the recorded statements of Thomas's interrogation.

A-0941-23

Assigned PCR counsel filed an amended PCR petition and supplemental brief incorporating the issues raised in defendant's self-represented PCR petition. In his counsel's brief, defendant argues plea counsel failed to "explicitly" preserve a right to withdraw his plea if Thomas's Miranda motion was reversed on appeal. Defendant also argued that he provided prima facie proof of ineffective assistance of counsel and an evidentiary hearing was warranted. Lastly, defendant argued his PCR claims were not time-barred under Rules 3:22-4, -5, and -12.

On October 10, 2023, the PCR court denied defendant's PCR petition without an evidentiary hearing. Citing to the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey), the PCR court concluded that "even if there was [ineffective assistance of counsel], there would have been no difference in the result in this case." The court explained "defendant [did] not have or [could] not assert the privilege against self-incrimination that [Thomas] had when he gave a statement," which was ultimately suppressed.

A-0941-23

II.

Defendant filed an appeal from this order, presenting the following argument for our consideration:

> THE COURT BELOW ERRED IN DENYING POST-CONVICTION RELIEF OR AN EVIDENTIARY HEARING BECAUSE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT PRESERVE A REVERSAL OF CODEFENDANT'S MIRANDA MOTION AS A CONDITIONAL PLEA WHILE KNOWING THE IMPORTANCE OF THIS STATEMENT TO [DEFENDANT'S] DECISION TO PLEAD GUILTY.

After a review of the record and consideration of the relevant legal principles, we reject defendant's arguments and affirm; however, we affirm the denial of his PCR petition for different reasons than expressed by the PCR court. See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011) (stating an appellate court is "free to affirm the trial court's decision on grounds different from those relied upon by the trial court"). In doing so, we apply a de novo standard of review because the PCR court did not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

"A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, [Rule] 3:22-4(a), or that has

7

been previously litigated, [Rule] 3:22-5." State v. Nash, 212 N.J. 518, 546 (2013); see also R. 3:22-4(a) and R. 3:22-5. PCR "is not a substitute for direct appeal; nor is it an opportunity to relitigate a case on the merits." State v. Szemple, 247 N.J. 82, 97 (2021).

To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Ibid. (quoting Strickland, 466 U.S. at 687). A defendant must establish entitlement to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

The primary issue on this appeal is whether defendant's plea counsel should have negotiated a conditional plea, allowing defendant to withdraw his guilty plea if Thomas prevailed on his appeal of the order admitting his recorded statements. We, therefore, evaluate defendant's argument within the context of a guilty plea. Defendant must show: "counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and . . . 'that

A-0941-23

there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

The plea form established that defendant understood he was waiving his right to appeal the denial of all pretrial motions by pleading guilty, as evidenced by his initials on the form. Moreover, during the plea hearing, defendant did not express any questions regarding his plea, or the services provided by his plea counsel. Thus, defendant's "guilty plea constitute[d] a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988)).

Defendant, however, argues that his plea counsel should have expressly negotiated a conditional plea premised on the outcome of Thomas's appeal. Defendant has cited to no authority for this proposition. Rather, defendant makes only bald assertions that "[i]t was clear that a central issue in Thomas's appeal would be the trial court's decision to allow his statement in evidence." Defendant further argues that plea counsel knew or should have known that

Thomas filed an appeal before defendant pleaded guilty. Defended presented no evidence that he was prejudiced by his inability to enter a conditional plea.

In fact, the record contradicts defendant's contention. The record reflects plea counsel negotiated a favorable agreement that significantly reduced defendant's period of incarceration, particularly in light of the ten-to-thirty-year sentencing range applicable to an aggravated manslaughter conviction.

Furthermore, when defendant pled guilty he did not preserve an issue for appellate review with the approval of the court and the consent of the assistant prosecutor pursuant to Rule 3:9-3(f). In that regard, the record does not support the prosecutor or court would have agreed to or accepted a conditional plea. Accordingly, defendant did not satisfy any of the exceptions to Rule 3:5-7(d), which preserves a defendant's right to appeal from an order denying a motion to suppress.

Moreover, defendant misconstrues the reasoning articulated in Thomas. Our decision in Thomas was based on the repeated and persistent statements to Thomas by the interrogating detectives, which contradicted the Miranda warnings given to him. In contrast, defendant did not raise or assert an alleged Miranda violation before the trial court. Thus, we discern no grounds to hold that plea counsel was ineffective for failing to make defendant's plea conditional

10

upon the outcome of his codefendant's motion to suppress his recorded statements.

We also affirm the denial of defendant's PCR petition without an evidentiary hearing. We are satisfied that plea counsel's performance was not deficient, and defendant failed to satisfy his burden under the <u>Strickland</u>/<u>Fritz</u> test. To the extent we have not expressly addressed any arguments made in support of defendant's appeal, we have determined they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0941-23