**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0273-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

P.M.B.,

    Defendant-Appellant.

_____

        Submitted August 15, 2017 — Decided September 27, 2017

        Before Judges Messano and Sumners.

        On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 10-04-0183.

        Joseph E. Krakora, Public Defender, attorney for appellant (Peter B. Meadow, Designated Counsel, on the brief).

        John T. Lenahan, Salem County Prosecutor, attorney for respondent (Derrick Diaz, Assistant Prosecutor, of counsel and on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

    Defendant P.M.B. pled guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a), admitting to anally

penetrating his stepson who was under the age of thirteen at the time. The judge sentenced defendant to a seven-year term of imprisonment, subject to an 85% period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant filed a pro se petition for post-conviction relief (PCR), alleging numerous trial errors and the ineffective assistance of counsel (IAC). The judge, who was the same judge that accepted defendant's guilty plea and imposed sentence, appointed PCR counsel.[1]

During oral argument on the petition, defendant contended that trial counsel failed to adequately review discovery with him and "pushed him" into pleading guilty. Defendant also argued that the plea form contained trial counsel's representation that he would ask the judge to impose a lesser period of incarceration. However, at sentencing, counsel withdrew any request for a lesser sentence, explaining defendant was found to have compulsive sexual behaviors, the Adult Diagnostic and Testing Center at Avenel (Avenel) recommended he receive treatment, and defendant affirmatively stated that he wished to avail himself to the treatment. Lastly, defendant argued that trial counsel failed to

---

[1] Defendant's direct appeal was limited to his sentence, and we affirmed but vacated the restitution award. The PCR judge's written opinion indicates the restitution award was vacated on remand.

provide adequate advice regarding defendant's ability to have parenting time with his biological daughter after completing his sentence. PCR counsel referenced a letter to defendant, written by trial counsel approximately five months after sentencing.[2]

The judge ordered a plenary hearing on the PCR petition. Trial counsel and defendant both testified. In his written opinion following the evidentiary hearing, the judge concluded defense counsel was more credible than defendant was. Based upon counsel's testimony, the plea forms and the colloquy at the time of defendant's guilty plea, the judge found defendant was fully aware of the consequences of his guilty plea, including limits on defendant's "contact with children." The judge also found that trial counsel adequately met with defendant and reviewed the discovery in the case and provided correct information regarding defendant's sentence exposure. Furthermore, the judge rejected defendant's assertion that his wife had a vendetta against him and

---

[2] The letter is in the State's confidential appendix. Addressed to defendant, it provides in full:

> All the information you're looking for should be in the Pre-Sentence Report I previously forwarded to you. Obviously there is no contact with your victim. There was no prohibition on future visits with your other children.

coerced the victim to "fabricate the allegations" against defendant. The judge accepted counsel's determination that the State had an "extremely strong case."

Lastly, the judge concluded that even if trial counsel should have advocated for a lesser period of incarceration, defendant suffered no prejudice. The judge noted that defendant was sentenced as a second-degree offender at the "midpoint of the second degree range." Implicitly, the judge concluded he would have imposed the same sentence even if counsel had asked for a lesser period of incarceration.

The judge entered an order denying the petition, and this appeal followed.

Defendant argues the judge erred in dismissing the petition because he established trial counsel provided ineffective assistance in that counsel failed to properly investigate the case, gave him incorrect advice regarding the consequences of his guilty plea and failed to argue for a lesser sentence. As a result, defendant did not knowingly and voluntarily enter his guilty plea.

The standards that guide our review are well-known. To establish an IAC claim, a defendant must satisfy the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted

by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, he must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 52 (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).

> To satisfy prong one, [a defendant] ha[s] to "overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." "[I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'" Mere dissatisfaction with a "'counsel's exercise of judgment'" is insufficient to warrant overturning a conviction.
>
> [State v. Nash, 212 N.J. 518, 542 (2013) (third alteration in original) (citations omitted).]

Second, a defendant must prove that he suffered prejudice due to counsel's deficient performance. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, supra, 105 N.J. at 58. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698). "If [a] defendant establishes one

prong of the Strickland-Fritz standard, but not the other, his claim will be unsuccessful." State v. Parker, 212 N.J. 269, 280 (2012).

The Strickland/Fritz standard applies to IAC claims regarding the plea bargaining process. State v. Gaitan, 209 N.J. 339, 350-51 (2012). "In the specific context of showing prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" Id. at 351 (alteration in original) (emphasis added) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009).

Regarding inadequate investigation, trial counsel admitted at the PCR hearing that he did not interview the victim or his mother. However, he reviewed the evidence with defendant, including discussing apparent "tapes" of their statements to law enforcement. Counsel also testified that defendant provided him with no names of potential witnesses. Based on the testimony at the PCR hearing and the entire record, the judge concluded trial counsel's performance in this regard was not deficient.

"In reviewing a PCR court's factual findings based on live testimony, an appellate court applies a deferential standard; it 'will uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" Pierre, supra, 223

N.J. at 576 (quoting Nash, supra, 212 N.J. at 540). We find no reason to disturb the judge's findings and conclusions in this regard.

At sentencing, trial counsel told the judge he was withdrawing any application for a lesser sentence because defendant was not opposed to the maximum amount of treatment and he would not be admitted to Avenel unless the custodial portion of the sentence was at least seven years. Counsel was not questioned about this during the evidentiary hearing.

As defendant correctly points out, that interpretation of N.J.S.A. 2C:47-3(h) is incorrect, and the State concedes this point. Only sentences of seven years or less permit a defendant to serve the term of incarceration at Avenel. N.J.S.A. 2C:47-3(h)(1).

However, the judge explained that the sentence actually imposed reflected a careful weighing of the aggravating and mitigating sentencing factors. He noted that defendant was being sentenced for a crime one degree lower than the crime to which he pled guilty. As a result, the judge implicitly found defendant suffered no prejudice by counsel's lapse in this regard. Based on the judge's credibility determinations, there is no credible evidence in the record supporting a conclusion that defendant would not have pled guilty but for counsel's erroneous statement

7

regarding an Avenel sentence.  As a result, we reject this as a basis to reverse.

At the PCR hearing, trial counsel explained that defendant's conviction would not necessarily foreclose parenting time with his daughter.  Counsel displayed familiarity with N.J.S.A. 9:2-4.1(a) ("[A] person convicted of sexual assault . . . shall not be awarded the custody of or visitation rights to any minor child . . . except upon a showing by clear and convincing evidence that it is in the best interest of the child for custody or visitation rights to be awarded.").  The post-sentencing letter to defendant does not state anything that is contrary to the statute.

Moreover, at sentencing, defendant was served with a "Sex Offense Restraining Order," pursuant to N.J.S.A. 2C:14-12.  It clearly advised defendant that he was restrained from contacting the victim and barred from the residence of the victim.  The victim's mother is also the mother of defendant's biological daughter, who shares the same home with the victim.  Defendant cannot claim he was ignorant of the consequences of his guilty plea in this regard.

In a pro se supplemental brief, defendant argues that PCR counsel failed to raise, and the judge failed to address, a number of issues asserted in defendant's pro se brief in support of the

petition. Most of these claims involve alleged inadequacies in the investigation, the indictment and grand jury process, and a search warrant. Defendant also alleges a lack of corroborative forensic evidence and allegedly contradictory statements made by the victim.

The PCR judge did not specifically address these claims, except to reject defendant's allegation that his wife had a "vendetta" against him and coerced the victim into fabricating the story of sexual abuse. We might otherwise remand the matter for the PCR court to specifically address the issues raised in the pro se submission. See State v. Webster, 187 N.J. 254, 258 (2006) (reversing and remanding because PCR counsel did not reference the arguments raised in defendant's pro se petition and the judge did not comment on them in any way).

However, it is quite clear that defendant could have asserted these claims on direct appeal, but did not, and therefore they are procedurally barred on PCR review. R. 3:22-4. More importantly, having found no reason to set aside defendant's guilty plea based upon the ineffective assistance of counsel, and having rejected any other reason to conclude the guilty plea was not voluntarily and knowingly entered, these arguments about alleged infirmities and the adequacy of the evidence are deemed waived. See State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State

v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988) ("Generally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0273-15T2