# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4103-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

QUIASIA N. CARROLL,

     Defendant-Appellant.

_____

> Submitted December 7, 2020 – Decided December 29, 2020
>
> Before Judges Rothstadt and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation Nos. 18-10-2403 and 18-10-2404.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Daniel Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Quiasia N. Carroll appeals from a March 14, 2019 judgment of conviction after pleading guilty to third-degree witness retaliation, N.J.S.A. 2C:28-5(b). We affirm.

We incorporate the facts from our opinion in State v. Carroll, 456 N.J. Super. 520 (App. Div. 2018) (Carroll I), addressing defendant's challenge to the trial court's pretrial detention order on the charges of second-degree witness retaliation, N.J.S.A. 2C:28-5(b), and fourth-degree cyber-harassment, N.J.S.A. 2C:33-4.1(a)(2). Id. at 528. In Carroll I, we remanded the pretrial detention determination to the trial court for reconsideration of probable cause to detain defendant on the fourth-degree cyber-harassment charge. Ibid. However, we held the State established probable cause to detain defendant on the charge of second-degree retaliation against a witness. Ibid.

Pre-indictment, and prior to the issuance of Carroll I, the State and defendant discussed a potential plea on all charges. Pursuant to the plea discussions, on the separate accusations charging third-degree witness retaliation, N.J.S.A. 2C:28-5(b), and third-degree distribution of narcotics, N.J.S.A. 2C:35-5(b)(3), the State would recommend time served and five years of probation for each crime, to run concurrently. The State also agreed it would not object to early termination of probation after three years of successful

probation. As part of a plea deal, the State agreed to release defendant on her own recognizance on the third-degree witness retaliation charge and level two release with conditions on the drug charge. In addition, the State would dismiss the cyber-harassment and second-degree witness retaliation charges at the time of sentencing. The State's recommendation of the proposed plea was contingent on defendant's "waiver of appeal."

On October 3, 2018, prior to any indictment, defendant chose to enter a guilty plea on the third-degree witness retaliation charge as well as the drug charge. Her agreement to the plea occurred before the issuance of our opinion in Carroll I.

During the plea hearing, the judge advised defendant that she faced a potential prison sentence of ten years if convicted on the charges. He then confirmed defendant's understanding of her constitutional rights, including the right to a jury trial. Defendant told the judge she wished to plead guilty to the charges.

As part of the plea colloquy, defendant answered questions establishing the factual basis for her guilty plea to third-degree witness retaliation. She admitted to posting on her Facebook page "lewd, indecent[,] or obscene material" regarding a witness who testified for the State during a murder trial.

Defendant admitted to calling the prosecution's witness a "rat" and encouraged people to retaliate against the witness. Defendant confirmed her intent to "harass or threaten" the witness based on her Facebook posts.[1]

The judge accepted the plea, finding defendant "freely, voluntarily and intelligently" admitted to conduct constituting third-degree witness retaliation. He noted defendant was not under the influence of any substance that would impact her ability to understand the plea proceeding, was not "threatened or pressured" into pleading guilty and was satisfied with the services of her attorney.

After addressing the serious nature of the witness retaliation charge and the potential chilling effect of defendant's conduct on the willingness of witnesses to testify in the future, the judge explained he would "give some serious consideration of whether or not [he would] agree to this sentence." The judge signed a waiver of the indictment on the charges against defendant and she was released from custody.

After the plea hearing and before she was sentenced, defendant moved to withdraw her guilty plea. Based on our decision in Carroll I, she argued she

---

[1] The witness, fearing for his physical safety, left the State as a result of defendant's Facebook posts. Carroll I, 456 N.J. Super. at 531.

could not be guilty of witness retaliation absent a finding of probable cause to support the cyber-harassment charge. She also claimed there was no predicate "unlawful act" required for a conviction based on witness retaliation. In addition, defendant asserted a free-speech defense to the witness retaliation charge.

On March 8, 2019, the motion judge denied defendant's motion to withdraw her guilty plea. Applying the Slater[2] factors, the judge found defendant failed to assert a colorable claim of innocence, the decision in Carroll I had no bearing on the validity of witness retaliation charge, defendant offered no fair or just reason to withdraw her plea, the existence of a plea bargain weighed against vacating the plea, there would be prejudice to both parties if the plea was vacated, and defendant accepted an "exceedingly fair" plea offer.

The judge rejected defendant's argument that Carroll I was binding on his analysis of the motion to withdraw the guilty plea. He noted Carroll I was based on the limited nature of information typically presented during a pretrial detention hearing and the scant documentation and written arguments proffered as part of a pretrial detention appeal. Unlike the pretrial detention judge, the sentencing judge had the benefit of defendant's testimony from the plea hearing.

---

[2] State v. Slater, 198 N.J. 145 (2009).

The motion judge declined to vacate the plea based on the plea hearing testimony and defendant's admission to retaliating against a witness. The judge concluded defendant's change of position and argument that her plea was not voluntary were belied by her testimony during the plea hearing. The judge also rejected defendant's contention that she was coerced into pleading guilty. To the contrary, the judge found no coercive conduct by the State regarding defendant's acceptance of the plea. Rather, he concluded defendant accepted the plea to obtain her release from custody. The judge then sentenced defendant in accordance with the negotiated plea.

Defendant filed an appeal challenging her sentence and denial of the motion to withdraw her plea. On December 2, 2019, the matter was considered by an appellate excessive sentencing panel. The panel noted defendant decided to plead guilty despite the known defenses available to her at the time she considered the plea offer. However, the panel determined the appeal was not ready for disposition without briefs and adjourned the matter for review on a plenary calendar.

On appeal, defendant raises the following arguments:[3]

---

[3] Defendant's notice of appeal and case information statement asserted the trial court erred in denying her motion to withdraw the guilty plea. The issues raised in defendant's point headings were not included in the notice of appeal or case information statement.

POINT I

> THE ACCUSATION WAS DEFECTIVE AND THE FACTUAL BASIS FOR DEFENDANT'S GUILTY PLEA WAS INADEQUATE BY VIRTUE OF THIS COURT'S SUBSEQUENT DECISION REVERSING DEFENDANT'S DETAINER ORDER ON THE SAME FACTS UNDERLYING THE PLEA.
>
> A. The Accusation Alleging Defendant Tampered With a Witness By Cyber Harassment Was Defective.
>
> B. The Guilty Plea's Factual Basis For Tampering Was Inadequate.

POINT II

> BECAUSE THIS COURT'S DETAINER DECISION DEMONSTRATED THAT DEFENDANT'S FACEBOOK POSTS WERE NOT CRIMINAL PURSUANT TO N.J.S.A. 2C:28-5b ON THE EVIDENCE PRESENTED TO IT, AND INSTEAD MAY BE PROTECTED SPEECH UNDER THE FIRST AMENDMENT, DFENDANT'S MOTION TO WITHDRAW HER PLEA SHOULD HAVE BEEN GRANTED UNDER STATE v. SLATER, 198 N.J. 145 (2009).

Although we requested briefing limited to vacating defendant's guilty plea, we elect to address each of defendant's arguments. We begin by rejecting defendant's contention that our decision in Carroll I supports her argument on appeal. The decision in Carroll I was premised on a review of the limited facts presented as part of defendant's appeal from the trial court's pretrial detention

7

order and addressed only the probable cause determination supporting detention. Carroll I, 456 N.J. Super. at 533-34. In that case, we "disagree[d] with the trial court's finding of probable cause as to [cyber-harassment], and discern[ed] significant legal impediments to successful prosecution of the [second-degree retaliation of a witness charge] . . . ." Id. at 528. However, the strength or the weakness of the evidence against defendant was analyzed in the context of the trial court's probable cause finding to detain defendant. Id. at 533-34. We did not address whether the State would ultimately prevail in its prosecution of defendant on the charges. Nor did we dismiss any of the charges against defendant. Although, we did suggest the type of evidence the State would need to obtain a conviction on the charges at the time of trial. Id. at 536-45. Thus, defendant's reliance on Carroll I as evidence that her Facebook posts did not support a third-degree charge of witness retaliation is misguided and unfounded.

We next address defendant's argument that the accusation, alleging defendant retaliated against a witness based on cyber-harassment, was defective. Therefore, we must consider whether defendant's cyber-harassment activities resulted in an unlawful act, constituting witness retaliation.

A-4103-18T1

The statute governing retaliation against a witness, N.J.S.A. 2C:28-5(b) provides: "[a] person commits an offense if he harms another by an unlawful act with the purpose to retaliate for or on account of the service of another as a witness or informant." Thus, defendant must commit an unlawful act with the purpose of retaliating to be charged under N.J.S.A. 2C:28-5(b).

Under the relevant portion of the cyber-harassment statute:

> [a] person commits the crime of cyber-harassment if, while making a communication in an online capacity via any electronic device or through a social media networking site and with the purpose to harass another, the person:
>
> (1) threatens to inflict injury or physical harm to any person . . . .; [or]
>
> (2) knowingly sends, posts, comments, requests, suggests, or proposes any lewd, indecent, or obscene material to or about a person with the intent to emotionally harm a reasonable person or place a reasonable person in fear of physical or emotional harm to his [or her] person; . . . .
>
> [N.J.S.A. 2C:33-4.1(a).]

In her Facebook posts, defendant referred to the witness as a "lying ass rat," "little ass nigga," and hoped someone should "blow them glasses tf (the fuck) off [the witness's] face." Carroll I, 456 N.J. Super. at 528-29. When the witness asked defendant to remove her posts, she refused. Id. at 529. Based on

9

defendant's posts, the witness feared for his safety and relocated to another state. Id. at 531.

Here, defendant's Facebook posts, by her own admission, constituted "lewd, indecent, or obscene material," made with the purpose to harass, and with the intent to place the witness in fear of physical or emotional harm. While there may not have been sufficient probable cause to detain defendant on the cyber-harassment charge, defendant later testified under oath that she posted material on a social media website with the intent to place the witness in fear of physical or emotional harm to retaliate for the witness testifying on behalf of the State in a murder trial. Thus, we are satisfied defendant's social media postings constituted an unlawful act supporting the third-degree witness retaliation charge, and the accusation was not defective.

We next consider whether defendant waived her ability to appeal the validity of the accusation on third-degree witness retaliation charge or assertion of a defense based on the First Amendment right to free speech. The State expressly conditioned its plea recommendation on defendant's waiver of any appeal. In addition, plaintiff failed to preserve these issues at the time of the plea hearing. Further, these issues were never presented to the trial court as

10

part of any the pre-indictment proceedings and were not asserted in defendant's notice of appeal. Thus, defendant waived her challenges.

It is well-settled that "[g]enerally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988)). "[A] defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." State v. Knight, 183 N.J. 449, 470 (2005). "The waiver even applies to claims of certain constitutional violations." Davila, 443 N.J. Super. 585. As the United States Supreme Court held:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
>
> [Tollet v. Henderson, 411 U.S. 258, 267 (1973).]

There are three general exceptions to the rule waiving an appeal based on a guilty plea. See State v. Wakefield, 190 N.J. 397, 417 n.1 (2007).[4] None of the exceptions are applicable here and defendant never claimed she qualified for any of these exceptions. To the contrary, defendant waived any appeal as part of the plea offer and so indicated that waiver on her executed plea form.

Having reviewed the record, we are satisfied defendant waived her right to challenge the accusation on the charge of third-degree witness retaliation based on her knowingly, voluntarily, and intelligently pleading guilty and admitting she engaged in conduct that constituted retaliation against a witness.

We next consider defendant's claim the judge erred in denying her motion to vacate her guilty plea. We review a decision on a motion to withdraw a guilty plea for abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015). When a trial court decides a motion to vacate a guilty plea, the court must consider "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in

---

[4]  The three exceptions are: denial of a motion to suppress physical evidence, denial of acceptance into a pretrial intervention program, and any adverse decisions reserved as part of a conditional guilty plea. Knight, 183 N.J. at 471.

unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 150.

We have already concluded the judge properly accepted defendant's guilty plea on the charge of third-degree witness retaliation based on her testimony. Defendant acknowledged her postings were lewd, indecent, or obscene, made with the intent to cause fear, and in retaliation for the witness testifying for the State. Defendant does not contest she made these postings, only that the postings were protected by the First Amendment. Thus, defendant failed to assert a colorable claim of innocence.

Further, there was a plea agreement that included defendant's immediate release from custody. If defendant was not guilty of the witness retaliation charge, she could have awaited a decision on her pretrial detention appeal. She then would have had another option to obtain her release from custody because, in Carroll I, we instructed the trial court to conduct a remand hearing on the State's pretrial detention motion.

Moreover, on appeal, defendant admitted she failed to testify truthfully during the plea hearing in order to secure her immediate release from custody. Defendant seeks to undo the plea after she obtained the benefit of the

agreement, which would result in unfair prejudice to the State and unfair advantage to her.

Having reviewed the record, we are satisfied the judge's properly applied and analyzed the Slater factors in denying defendant's motion to withdraw her guilty plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4103-18T1