**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2416-23

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

STEFAN S. VASSALLO,
a/k/a STEFAN S. VASSALO,

    Defendant-Respondent.

_____

Submitted May 6, 2025 – Decided May 30, 2025

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 22-02.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for appellant (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

R. C. Shea & Associates, attorneys for respondent (Michael J. Deem, on the brief).

PER CURIAM

The State appeals the Law Division's February 27, 2024 order granting defendant's appeal of his conditional guilty plea to a violation of N.J.S.A. 39:3C-17(b), improperly driving an all-terrain vehicle ("ATV") on a public street. We affirm for the reasons which follow.

I.

We summarize the facts based upon the record established below.

On August 22, 2021, Sergeant Rice of the Surf City Police Department stopped defendant for driving a 2021 Can-Am Maverick hybrid-style vehicle on a public street. The vehicle had several after-market add-ons, including a roof, doors, turn signals, mirrors, and seatbelts. The vehicle had between three and six tires, each of which was marked with a United States Department of Transportation Tire Identification Number. The sergeant issued defendant a summons for operating an ATV on a public street, violating N.J.S.A. 39:3C-17(b).

On January 5, 2022, defendant entered a conditional guilty plea in the Surf City municipal court. For reasons unexplained in the record, defendant was not sworn in, and did not testify to a factual basis for his plea. The municipal court made no findings as to whether defendant's modified vehicle was an ATV under

2

the statute. The court accepted defendant's plea, then it stayed imposition of the sentence pending appeal.

On April 26, 2022, the Law Division remanded to establish a more fulsome record. On remand, the municipal court conducted a hearing to clarify whether defendant's vehicle met the definition of an ATV under N.J.S.A. 39:3C-17(b).

The parties stipulated certain facts:

> 1. "On August 22, 2021, [Sergeant] Rice responded to a stop, or himself initiated a stop for the purposes of witnessing an ATV . . . progressing along the regular roadway, not in a fashion just to cross or to access an off-roading area."
>
> 2. "Sergeant Rice observed the vehicle [and] identified it as an ATV . . . specifically a Honda Talon, which had beaded tires. It had an open-air canopy [and] he otherwise identified it as, within the meaning of the State of New Jersey, an ATV or UTV vehicle."
>
> 3. "Sergeant Rice thereafter wrote the citation for [a violation of] 39:3C-17."
>
> 4. The citation was served upon [defendant] at the time [although] the vehicle was not towed at that time.

At the same hearing, trial counsel entered additional facts about defendant's vehicle into the record, including that: it was a Maverick X3 X RC Turbo RR with a 195-horsepower turbocharged engine; it had Department of

3

Transportation certified tires, front and rear license plates, rear view mirrors; and was properly registered and insured in Montana.

After argument, the court found defendant guilty of operating an ATV "as a normal vehicle" on a public highway, again failing to secure a guilty plea allocation from defendant. The court once more stayed sentencing pending appeal. The Law Division again remanded to municipal court to correct the constitutionally defective plea.

On July 10, 2023, a second municipal court judge conducted yet another hearing. The court supplemented the record with additional evidence, including, but not limited to: defendant's vehicle specification sheet; defendant's Montana vehicle registration; a photograph of defendant's vehicle and tires; and relevant insurance information. The parties stipulated more facts, including but not limited to: defendant's admission that he operated his vehicle on the public roads on the date of the stop; Sergeant Rice's purpose for stopping defendant was that he determined defendant's vehicle was not legally permitted to operate upon New Jersey roadways; defendant's vehicle was legally registered in Montana and was considered street legal there; there was no car accident associated with Sergeant Rice's traffic citation; defendant's vehicle was insured under a Montana-based insurance policy; and vehicle components included

31x10.5x 15 LT tires, a 10.5 gallon capacity gas tank, a roof, doors, mirrors, turn signals and seatbelts.

Defendant admitted that he operated his vehicle in violation of N.J.S.A. 39:3C-17(b).  The judge sentenced defendant to a fine of $100 and $33 in court costs.   Defendant promptly appealed to the Law Division, which found defendant not guilty on the record below, determining that he had not violated the statute.   The Law Division stated that it "[was] not persuaded beyond a reasonable doubt that defendant's vehicle, in its modified form, fit[] the statutory definition of an ATV."

This appeal followed.

The State argues the following points:

> POINT I: THE DE NOVO COURT ERRED BY IMPROPERLY SHIFTING THE BURDEN OF PROOF TO THE STATE.
>
> POINT II: THE DE NOVO COURT ERRED BY FAILING TO ADDRESS THE MERITS OF DEFENDANT'S MOTION TO DISMISS.
>
> POINT III: THE DE NOVO COURT ERRED BY MAKING FINDINGS UNSUPPORTED BY THE RECORD.

A-2416-23

## II.

"We review the action of the Law Division, not the municipal court." State v. Robertson, 438 N.J. Super. 47, 64 (App. Div. 2014) (citing State v. Adubato, 420 N.J. Super. 167, 175-76 (App. Div. 2011)), certif. denied, 209 N.J. 430, 37 (2012). Our standard of review is well-settled: "[t]he aim of the review at the outset is rather to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, which conducts a trial de novo on the record, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). We defer to the "trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." Id. at 474.

Generally, motor vehicle and traffic offense prosecutions are quasi-criminal in nature. See State v. Palma, 219 N.J. 584, 592 (2014); see also Vickey v. Nessler, 230 N.J. Super 141, 149 (App. Div. 1989). It follows that the burden of proof remains with the State on de novo review. See State v. Wenzel, 113 N.J. Super 215, 217 (App. Div. 1971).

A-2416-23

## III.

The dispositive question is straightforward:  Was there sufficient credible evidence in the record to support the trial court's finding that the State failed to prove, beyond a reasonable doubt, that defendant operated an all-terrain vehicle in violation of N.J.S.A. 39:3C-17(b)?

N.J.S.A. 39:3C-17(b) reads in pertinent part:

> No person shall operate a snowmobile, [ATV], or dirt bike upon the main traveled portion or the plowed snowbanks of any public street or highway or within the right-of-way limits thereof . . . .

N.J.S.A. 38:3C-1 defines an ATV as follows:

> "[ATV]" means a motor vehicle, designed and manufactured for off-road use only, of a type possessing between three and six non-highway tires . . . .
>
> [(Emphasis added).]

We conclude that the undisputed record shows the State failed to meet its burden.  Relevant evidence relied upon by the Law Division included:  vehicle tires branded with a Department of Transportation Tire Identification Number; a New Jersey Motor Vehicle Manual excerpt prohibiting tires for public highway use to be designated as "OFF HIGHWAY USE ONLY"; a list of various cars

A-2416-23

which use the same tires as defendant; and the different physical modifications to the vehicle, such as added doors, roof, mirrors, etc.

The Law Division captured the essence of what it was required to do when it stated, "[t]his court is narrowly tasked with determining whether the vehicle [d]efendant was driving on August 22, 2021[] was an ATV as defined by the statute." The court found the answer to be no. We agree, adding that our well-settled criminal jurisprudence unequivocally imposes the burden of proof to show defendant's vehicle was for exclusive off-road use in the State. Wenzel, 113 N.J. Super. at 217. We note that the ample record, consisting of stipulated facts, but no expert testimony from either party, lends itself to reasonable doubt, and in turn leads to the conclusion that the State failed to meet its burden.

With the dispositive question answered in the affirmative, we conclude that the Law Division's application of the undisputed facts to the statute was sound, and we discern no error.

For completeness' sake, we briefly address the arguments in the State's merits brief.

We are unpersuaded by the State's argument that every element of the N.J.S.A. 39:3C-17(b) violation was established when defendant entered a guilty

plea, hence they had no obligation to prove defendant's operation of the vehicle beyond a reasonable doubt before the Law Division.

"Rule 3:9-3(f), expressly authorizes a defendant to 'enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion.'" State v. Knight, 183 N.J. 449, 471 (2005) (quoting R. 3:9-3(f)). Entry of a conditional guilty plea requires "the approval of the court and the consent of the prosecuting attorney . . . ." R. 3:9-3(f). "In the event a defendant prevails on appeal, he or she 'shall be afforded the opportunity to withdraw his or her plea.'" Knight, 183 N.J. at 471 (quoting R. 3:9-3(f)).

Defendant preserved his right to appeal the municipal court's findings by entering a conditional guilty plea. Although defendant admitted to N.J.S.A. 39:3C-17(b), his conditional plea preserved his right to challenge whether his vehicle qualified as an ATV at the time he was stopped. Generally, motor vehicle and traffic offense prosecutions are quasi-criminal in nature. See Palma, 219 N.J. at 592; see also Nessler, 230 N.J. Super. at 149. The State's obligation to prove, beyond a reasonable doubt, that defendant violated all the elements of N.J.S.A. 39:3C-17(b) to secure a conviction is not altered by defendant's

conditional guilty plea.  See Wenzel, 113 N.J. Super. at 217; see also N.J.S.A. 2C:1-13(a).

We conclude there is no error here.

The State next argues that the Law Division failed to address the merits of defendant's motion to dismiss.  In municipal court, defendant initially argued that his vehicle was not considered an ATV under Montana law.  On appeal to the Law Division, defendant pivoted to argue that his vehicle should not be considered an ATV under New Jersey law.  The State posits that defendant's failure to make that argument to the municipal court deems it waived on appeal. We are unpersuaded.

We review the decision of the Law Division, not the municipal court. Robertson, 438 N.J. Super. at 64, and we concern ourselves solely with the legal argument made before the Law Division.  That said, defendant's conditional guilty plea still preserved his right to challenge the status of his vehicle as an ATV in New Jersey.  The record shows the conditional plea was tailored to "address the uncertainty of the underlying classification of the defendant's vehicle."  The Law Division appropriately focused its analysis on whether the vehicle met the statutory definition of an ATV under New Jersey law.

We do not find <u>Knight</u>, 183 N.J. 449 (2005) and <u>State v. Robinson</u>, 224 N.J. Super. 495 (App. Div. 1988) apposite on this record. In those cases, the defendants were charged with indictable offenses, and, significantly, their pleas were not conditional. Defendant's plea was expressly conditioned on his challenge to the municipal court's findings that his vehicle was an ATV.

We discern no error.

Finally, the State argues that the Law Division erred by making findings unsupported by the record. We are unconvinced and find the argument without merit. Much is made by the State of its competing proofs on the topic of the design, manufacture, and modification of defendant's vehicle. The Law Division found that the parties' evidence concerning vehicle modifications, including tires, was relevant to whether defendants' vehicle, as operated, met the definition of being "designed and manufactured for off-road use only." The State offered proofs tending to show that defendant's vehicle retained its status as an off-road-only design even after defendant's modifications. The record shows the Law Division weighed the evidence and found the State's proofs, as well as the inferences which flowed from those proofs, unpersuasive. Using our standard of review, we do not retry the case and weigh the competing facts anew.

Locurto, 157 N.J. at 47. We conclude that there was sufficient credible evidence in the record to support the Law Division's findings. Johnson, 42 N.J. at 162.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2416-23