**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0324-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSHUA MALMGREN,

    Defendant-Appellant.

_____

Submitted December 11, 2023 – Decided March 15, 2024
Motion for reconsideration granted.
Resubmitted April 16, 2024 – Decided April 16, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 12-11-0748.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen Anderson Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a July 27,2022 order denying his petition for post-conviction relief (PCR). The PCR court found that defendant had filed the petition late, without excusable neglect. The court also held that defendant had failed to establish grounds for withdrawing his guilty plea. Having conducted a de novo review, we agree and affirm.[1]

I.

In November 2012, a grand jury returned an indictment, charging defendant with two counts of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and two counts of vehicular homicide, N.J.S.A. 2C:11-5. Defendant killed two teenage girls when he swerved onto the shoulder of the road while driving under the influence of alcohol and prescription drugs and driving while distracted.

On September 2, 2014, defendant pleaded guilty to two counts of first-degree aggravated manslaughter. Before defendant entered his guilty plea, he

---

[1] On March 15, 2024, we issued an opinion in this matter. Thereafter, defendant filed a motion for reconsideration, questioning whether we had addressed the points raised in his appellate brief. We granted defendant's motion for reconsideration and issue this opinion, which amends and supersedes our earlier opinion.

A-0324-22

moved to suppress the results of his blood alcohol test. Defendant preserved this issue on appeal pursuant to Rule 3:5-7(d) because the issue was decided prior to our Supreme Court's decision in State v. Adkins, 221 N.J. 300 (2015).

Three months later, on December 19, 2014, defendant was sentenced to two consecutive nine-year terms, with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was also sentenced to a concurrent thirty-day jail term for driving under the influence, N.J.S.A. 39:4-50.

The details of defendant's offenses are recounted in our unpublished opinion remanding the matter for further review to determine whether sufficient exigency existed to draw defendant's blood absent a warrant. State v. Malmgren, No. A-3119-14 (App. Div. December 15, 2016) (slip op. at 2). In that opinion, we did not address defendant's excessive sentencing argument.

In accordance with our direction, a plenary hearing was held. Following the hearing, the trial court rendered an oral decision finding sufficient exigency existed to justify testing defendant's blood without a search warrant after the fatal automobile accident.

Defendant filed a second appeal challenging the trial court's decision, arguing the blood draw was not supported by the evidence and that his sentence

was excessive. On July 21, 2020, we affirmed the trial court ruling on the blood draw, holding that there were sufficient facts showing that the blood draw was permissible. We also affirmed defendant's convictions and sentence. State v. Malmgren, No. A-4095-17 (App. Div. July 21, 2020) (slip op. at 2-3).

On April 19, 2021, defendant, then self-represented, filed a PCR petition. Appointed PCR counsel filed an amended PCR petition. After hearing argument, the PCR court issued a written decision on July 27, 2022, denying defendant's petition without an evidentiary hearing. The PCR court rejected defendant's explanation that the delay in filing his PCR was due to the prosecution of his direct appeal, the misadvise of trial counsel in 2014 that he had to wait until his direct appeal was completed prior to filing a PCR petition, and the COVID-19 pandemic prevented him from timely filing an appeal. The court also rejected defendant's argument that his plea agreement was conditioned on the preservation of his right to appeal pre-trial motions. The PCR court concluded defendant failed to establish excusable neglect for filing his petition 487 days after the five-year PCR time bar under Rule 3:22-12(a)(1).

## II.

On appeal, defendant argues the following:

POINT ONE

THE IMPOSITION OF THE TIME BAR IN THIS CASE WAS MANIFESTLY UNFAIR AS DEFENDANT HAD SHOWN EXCUSABLE NEGLECT AND THAT THE INTERESTS OF JUSTICE REQUIRED RELAXATION OF THE PROCEDURAL BAR.

POINT II

AS DEFENDANT, DID NOT VOLUNTARILY, KNOWINGLY[,] AND INTELLIGENTLY WAIVE HIS APPELLATE RIGHTS WHEN HE ENTERED A GUILTY PLEA, THE PLEA SHOULD BE WITHDRAWN AND THE MATTER REMANDED FOR TRIAL.

1. Defendant did not voluntarily, knowingly, and intelligently waive his appellate rights.

2. The State's failure to timely object to trial counsel's notice that defendant preserved his appellate rights precludes it from now arguing in opposition.

POINT III

APPELLATE COUNSEL'S FAILURE TO RAISE ON DIRECT APPEAL DEFENDANT'S CLAIMS OF TRIAL COURT ERRORS WAS PREJUDICIAL AS IT AMOUNTED TO "FOREITURE OF THE PROCEEDING."

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). When petitioning for PCR, a defendant must establish entitlement to "PCR by a preponderance of

the evidence."  State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

"'Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus.'"  State v. Pierre, 223 N.J. 560, 576, (2015) (quoting Preciose, 129 N.J. at 459).  Post-conviction relief provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'"  State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).  A petition for post-conviction relief is not a substitute for a direct appeal.  State v. Mitchell, 126 N.J. 565, 583 (1992).

Rule 3:22-12 prescribes the time limitations for filing a first PCR petition. Generally, the rule provides that "no petition shall be filed . . . more than [five] years after the date of the entry . . . of the judgment of conviction that is being challenged."  R. 3:22-12(a)(1).  The five-year time limitation of Rule 3:22-12 runs from the date of the conviction or sentencing, whichever the defendant is challenging.  State v. Milne, 178 N.J. 486, 491 (2004); State v. Goodwin, 173 N.J. 583, 594 (2002).

This time bar may be relaxed if the PCR petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions

6

were found to be true[,] enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A). To establish excusable neglect, a defendant must provide more than "a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). "To determine whether a defendant has asserted a sufficient basis for relaxing the Rule's time restraints, [a court] 'should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" Ibid. (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

Here, the record is clear that defendant's PCR petition is time-barred. Defendant was sentenced and the judgment of conviction was entered on December 19, 2014. He was, therefore, required to file his PCR petition no later than December 19, 2019 in accordance with Rule 3:22-12(a)(1). Instead, defendant's petition was filed well over one year later. We agree with the PCR court that defendant did not show excusable neglect, and thus, we are not persuaded by defendant's argument that COVID-19 quarantine procedures precluded access to the law library. The COVID restrictions did not become effective until March 2020, approximately ninety days after the PCR filing deadline. Defendant's implausible "explanation" for failing to timely file his

PCR petition fails to satisfy circumstances justifying excusable neglect. Norman, 405 N.J. Super. at 159.

We also point out that defendant's appeal challenging the judgment of conviction and sentence did not toll the filing of this PCR petition. It is well-established the time to file a PCR petition is neither stayed nor tolled by appellate or other review proceedings. See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986) (citing R. 3:22-12); State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996).

To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700; Fritz, 105 N.J. at 52.

In the context of a guilty plea, when a defendant claims ineffective assistance of counsel, he or she must show: "counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant]

would not have pled guilty and would have insisted on going to trial.'"  State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

"Generally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea."  State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988)).  However, "pursuant to Rule 3:9-3(f), a defendant may appeal those adverse decisions specifically reserved by a conditional guilty plea entered in accordance with the Rule."  Id. at 586. Defendant's argument that he entered a conditional plea premised on the preservation of his appeal rights lacks merit.  In the plea agreement, defendant preserved only two motions on appeal:  the motion to suppress physical evidence and the denial of his acceptance into the pretrial intervention program.  In contrast, defendant waived his right to appeal the denial of all other pretrial motions.  During the plea hearing, trial counsel placed on the record that the negotiated plea pursuant to "[Rule] 3:9-3(d) [was a] no appeal provision." Moreover, when questioned by the court defendant testified that he reviewed with his attorney and understood each question in the plea agreement.

Having reviewed the record, we conclude, as did the PCR court, that defendant's various claims of ineffective assistance of counsel do not meet either the performance or prejudice prong of the Strickland/Fritz test. To the extent we have not expressly addressed any arguments made in support of defendant's appeal, we have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0324-22